# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHRISTOPHER CAMDEN LITTLER,

    Petitioner,

-vs-                                                                         Case No. 8:15-cv-1447-T-36TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Petitioner, a Florida prisoner, initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254 (Dkt. 1). Upon consideration of the petition, the court ordered Respondent to show cause why the relief sought in the petition should not be granted (Dkt. 4). Thereafter, Respondent filed a response (Dkt. 6), to which Petitioner replied (Dkt. 9).

Petitioner alleges two claims in his petition.

1.     Trial counsel was ineffective in failing to argue during his motion for judgment of acquittal that the State failed to prove that he trafficked in excess of the requisite 14 grams of hydrocodone; and

2.     Trial counsel was ineffective in failing to move for a mistrial or request a curative instruction when a State's witness testified that Petitioner had been arrested for a crime for which he was not on trial.

## **I. PROCEDURAL HISTORY**

Petitioner was convicted of sale or delivery of hydrocodone (Count I) and trafficking in hydrocodone, 14 to 28 grams (Count III) (Respondent's Ex. 3), and was sentenced on each count to 15 years in prison, with the sentences to run concurrently (Respondent's Ex. 4). His convictions and sentences were affirmed on appeal (Respondent's Ex. 6).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (Respondent's Ex. 7). The motion was granted solely to the extent that an amended judgment was entered reflecting that the sale or delivery conviction (Count I) is a third-degree felony, and that Petitioner's sentence on that count is 5 years in prison rather than 15 years (Respondent's Ex. 10). The order granting in part and denying in part Petitioner's Rule 3.850 motion was affirmed on appeal. *See Littler v. State*, 160 So. 3d 427 (Fla. 2d DCA 2014) [table].

Petitioner also filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel (Respondent's Ex. 11). The petition was dismissed as untimely by the Second District Court of Appeal (Respondent's Ex. 13).

Petitioner thereafter filed his federal habeas petition in this court (Dkt. 1).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

**A. Standard of Review Under the AEDPA**

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall

3

be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**2. Ineffective Assistance of Counsel Standard**

Claims of ineffective assistance of counsel are analyzed under the test set forth in *Strickland* v. *Washington*, 466 U.S. 668 (1984), which requires a petitioner to demonstrate both deficient performance by counsel and resulting prejudice. Demonstrating deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*.

Petitioner must demonstrate that counsel's alleged errors prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To show prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Sustaining a claim of ineffective assistance of counsel on federal habeas review is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011)

(citations omitted). *See also Cullen v. Pinholster*, 563 U.S. 170, 202 (2011) (a petitioner must overcome the "'doubly deferential' standard of *Strickland* and AEDPA.") (citation omitted).

If a claim of ineffective assistance of counsel can be resolved through one of the *Strickland* test's two prongs, the other prong need not be considered. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds.").

## III. ANALYSIS

**Ground One**

Petitioner contends that defense counsel was ineffective in failing to argue during his motion for judgment of acquittal that there was insufficient evidence proving that Petitioner trafficked in 14 grams or more of hydrocodone. He argues that the evidence showed that each of the 24 pills used to convict him contained 10 milligrams of hydrocodone plus 500 milligrams of acetaminophen for a total of only 12.240 grams of substance.

In state court, Petitioner raised this issue in Claim Eight of his Rule 3.850 motion (Respondent's Ex. 7, pp. 21-25). In denying the claim, the state post-conviction court stated:

> In his eighth ground, Defendant alleges that his counsel was ineffective for making the wrong argument in his motion for judgment of acquittal. Specifically, Defendant contends that his counsel should have argued that the 10 milligrams of hydrocodone plus the 500 milligrams of acetaminophen in each of the 24 pills used to convict Defendant of trafficking equals only 12.240 grams of substances, which is insufficient to reach the 14 gram requirement for trafficking in hydrocodone. *See O'Hara v. Stale,* 964 So. 2d 839 (2007).
>
> This argument lacks merit. The weight of a mixture containing a controlled substance for the purposes of a trafficking charge is the "total weight of the mixture,

5

> including the controlled substance and any other substance in the mixture." Fla. Stat. § 893.135(6); *see also Nottebaum v. State*, 898 So. 2d 1073 (Fla. 5th DCA 2005); *State v. Boyette,* 911 So. 2d 891 (Fla. 1st DCA 2005). Thus, the total weight of the pills in question here consists of *more* than just the weight of the hydrocodone and the acetaminophen, but the total weight of every substance in the pill. In this case, the State called chemist Michael Healy, who testified that he weighed the 24 hydrocodone pills that were the basis of the trafficking charge, and those pills weighed 15.690 grams, which exceed the 14 grams necessary for the trafficking charge. Therefore, any argument for judgment of acquittal based on the State's failure to prove the necessary weight requirement would have been meritless. Thus, it cannot be said that counsel was deficient for failing to make a meritless argument. For this reason, Ground Eight is denied.

(Respondent's Ex. 8, pp. 10-11) (footnote omitted).

The state court has answered the question of what would have happened had counsel moved for a judgment of acquittal based on the argument that there was insufficient evidence that Petitioner trafficked in 14 grams or more of hydrocodone - the motion would have been denied. Consequently, Petitioner has failed to establish deficient performance or prejudice with respect to this claim. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (Alabama Court of Criminal Appeals had already answered the question of what would have happened had counsel objected to the introduction of petitioner's statements based on state decisions; the objection would have been overruled; therefore, counsel was not ineffective for failing to make that objection).

In Florida, for purposes of the drug trafficking statute, Section 893.135, Fla. Stat., the weight of a controlled substance is the aggregate weight of *all* substances within a mixture. *Nottebaum*, 898 So.2d at 1074 (the weight of a controlled substance is the total weight of the mixture, including the controlled substance and any other substance in the mixture). The State's expert chemist, Michael Healy, unequivocally testified that the combined weight of the 24 pills was 15.690 grams (Respondent's Ex. 2, pp. 257, 259). Petitioner has failed to present any evidence demonstrating that the weight of the pills

was other than the weight to which the expert testified.[1]

Petitioner's argument appears to be based on the assumption that the pills were a mixture of solely hydrocodone and acetaminophen, and therefore the weight of each pill may be determined simply by adding the total grams of those two substances. Although Healy testified that he "identified hydrocodone, Schedule III compound, and acetaminophen" (*Id*., p. 257), he did not testify that those two substances were the only substances contained in those pills that accounted for the total weight of the pills (*Id*., pp. 247-65).[2] Petitioner has failed to present any evidence indicating that there were no other ingredients in the pills other than hydrocodone and acetaminophen. He therefore has failed to establish that counsel rendered deficient performance in failing to argue that there was insufficient evidence that Petitioner trafficked 14 grams or more of hydrocodone.

Petitioner has failed to demonstrate that the state court's resolution of this claim was an unreasonable application of *Strickland* or based on an unreasonable determination of the facts. Accordingly, Ground One does not warrant federal habeas relief.

**Ground Two**

Petitioner contends that defense counsel was ineffective in failing to either move for a mistrial or request a curative instruction after a State witness, Denise Mayes, mentioned during cross-

---

[1] Despite Plaintiff's assertion to the contrary, Healey did not testify that "each individual tablet weighed 510 milligrams total." (*see* Dkt. 9, p. 2, ¶ 6). Rather, Healey testified that by looking at the markings on the tablets, it can be determined "how much of each ingredient [hydrocodone and acetaminophen] that is supposed to be in each tablet" (Respondent's Ex. 2, p. 261), and that the "printed literature" indicated that there were "10 milligrams of hydrocodone and 500 milligrams of acetaminophen" in each tablet (*Id*., pp. 261-62).

[2] *See, e.g., United States v. Generix Drug Corp*., 460 U.S. 453, 454 (1983) ("The active ingredients in most prescription drugs constitute less than 10% of the product; inactive 'excipients' (such as coatings, binders, and capsules) constitute the rest.").

examination that Petitioner had been arrested for a crime for which he was not on trial. He argues that the comment prejudiced him because it alerted the jury that Petitioner had been arrested for a crime that was separate from and unrelated to the crime for which he was being tried.

This claim was raised in state court as Claim Seven of Petitioner's Rule 3.850 motion (Respondent's Ex. 7, pp. 18-21). In denying the claim, the state post-conviction court stated:

> Next, in Ground Seven, Defendant argues that his counsel was ineffective for failing to move for a curative instruction or a mistrial when one of the State's witnesses improperly mentioned that Defendant had been arrested for an unrelated crime. Specifically, when defense counsel was questioning the State's witness, Denise Mayes, about the car that she had rented for Defendant, Ms. Mayes made the following statements:
>
>> Q: Okay. And when you referred to Dan as having some sort of involvement in the return, what were you referring to?
>>
>> A: Well, I believe Chris had been arrested in between that time.
>>
>> Q: Okay.
>>
>> A: And was not, unable to get it back to me.
>>
>> Q: Okay, so Chris Littler didn't return the vehicle to you because something happened to him in between November 16 and November 25 or 26?
>>
>> A: Yes.
>
> Although the witness's statement about Defendant having been arrested was improper, the Court concludes that Defendant was not prejudiced by his counsel's failure to request a curative instruction or move for a mistrial. First, a mistrial would never have been granted based on this statement alone. The nature of the arrest was never mentioned. and no other witness or attorney ever commented on the arrest again. Thus, the brief, passing comment of Ms. Mayes was not "so prejudicial as to vitiate the entire trial." *Traina v. Slale*, 651 So. 2d 1227, 1229 (Fla. 4th DCA 1995); *see also Warren v. State*, 443 So. 2d 381, 383 (Fla. lst DCA l983) (holding that mistrial was not warranted when the State's witness told the jury that he had met the defendant in prison).
>
> Likewise, Defendant was not prejudiced by his counsel's failure to request a curative instruction. As noted, the comment was isolated and was not made a feature

8

of the trial. In fact, it appears from counsel's follow-up question that he recognized the error of the witness's statement and did his best to down-play it. Thus, it is unlikely that this statement had any substantial effect on the minds of the jurors, especially in light of all of the other overwhelming evidence.

As previously noted, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act of omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Strickland*, 466 U.S. at 693 (internal citations omitted). Instead, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at.694.

Accordingly, Defendant has not demonstrated that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. Moreover, the Court's confidence in the outcome of Defendant's trial has not been undermined. Therefore, Ground Seven of Defendant's motion is denied.

(Respondent's Ex. 8, pp. 8-10) (footnotes omitted).

The state court has answered the question of what would have happened had counsel moved for a mistrial - the motion would have been denied. Consequently, Petitioner has failed to establish deficient performance or prejudice with respect to this subclaim. *See Callahan*, 427 F.3d 897 at 932.

Petitioner likewise fails to demonstrate deficient performance or prejudice with regard to his claim that counsel should have asked for a curative instruction. Requesting a curative instruction may have highlighted a stray, vague, and relatively innocuous comment (*see* Respondent's Ex. 2, p. 236). *See Chaffin v. Stynchcombe*, 412 U.S. 17, 41 (1973) (Marshall, J., dissenting) (recognizing that "curative instructions may serve only to highlight the problem"). Counsel could have reasonably decided not to request a curative instruction where, to do so, only would serve to highlight the comment. *See, e.g., Werts v. Vaughn*, 228 F.3d 178, 205 (3d Cir. 2000) (strategy of not objecting or seeking curative instruction was not unreasonable in light of concern "with further highlighting these statements"

9

and "[c]ounsel's decision not to draw attention to the remarks cannot be deemed unreasonable trial strategy"), *cert. denied*, 532 U.S. 980 (2001); *Werts v. Vaughn*, 1998 U.S. Dist. LEXIS 23004, at *13 (E.D. Pa. May 11, 1998) (defense counsel was not ineffective for failing to ask for a curative instruction because doing so would have highlighted harmful evidence). Here, it was prudent for trial counsel not to draw further attention to the comment, since it was stray and fleeting and no mention was made of the reason for the arrest.

Even if counsel rendered deficient performance in not requesting a curative instruction, the court cannot find that there is a reasonable probability the result of the trial would have been different had counsel requested the instruction. The state court record supports the post-conviction court's finding that Mayes' comment regarding Petitioner's arrest was isolated and not made a feature at trial. On direct examination, Mayes testified that she rented a car for Petitioner because his motorcycle "was in the shop." (Respondent's Ex. 2, pp. 233-34). She further testified that Petitioner's friend Danny Gable, rather than Petitioner, returned the car to her before she returned it (*Id.*, p. 235). On cross examination, after defense counsel asked Mayes "And when you referred to Dan as having some sort of involvement in the return [of the rental car], what were you referring to?" she responded "Well, I believe [Petitioner] had been arrested in between that time. . .[a]nd was not, unable to get it back to me." (*Id.*, p. 236).

As the state post-conviction court found, the statement was isolated and not made a feature of the trial because Mayes said nothing more about the matter, and the issue was not brought up again at any other time at trial. Moreover, there was substantial evidence of Petitioner's guilt, including two detectives' eyewitness testimony that Petitioner sold them the drugs (*Id.*, pp. 118-22, 179-83). The state court therefore did not unreasonably conclude that Petitioner did not show prejudice. *See, e.g., See United States v. Curry*, 993 F.2d 43, 46 (4th Cir. 1993) (finding defendant failed to establish prejudice where improper remarks were isolated and evidence of guilt was overwhelming).

10

Petitioner has failed to show that the state court's rejection of this claim involved an unreasonable application of *Strickland*, or was based on an unreasonable determination of the facts. Accordingly, Ground Two does not warrant relief.

Any of Petitioner's claims not specifically addressed herein have been found to be without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**. The **Clerk** shall enter judgment accordingly and close this case.

2. A Certificate of Appealability (COA) is **DENIED** in this case, since Petitioner cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And because Petitioner is not entitled to a COA, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on June 25, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record